IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Lewis T. Babcock, Chief Judge

Civil Case No.  05-cv-02523-LTB-OES

ADT SECURITY SERVICES, INC.,

Plaintiff,

v.

APEX ALARM, LLC; KEITH NELLESEN; TODD PEDERSON; and CHANCE ALLRED,

Defendants.
_____

ORDER
_____

The parties in this action for breach of contract and unfair trade practices, removed here pursuant to 28 U.S.C. § 1441, agree that the case does not belong in this Court.  The defendants, Apex Alarm, LLC ("Apex"), Keith Nellesen, Todd Pederson, and Chance Allred, have moved for dismissal, arguing that venue does not lie in this District and that I lack personal jurisdiction over Messrs. Nellesen and Pederson.  The plaintiff, ADT Security Services, Inc. ("ADT), has moved for remand to state court in Colorado.  In support of its motion to remand, ADT tenders a contract to which the defendants were not parties, which provides that all disputes shall be resolved in Arapahoe County, Colorado.  In support of their motions to dismiss, the defendants proffer a contract, to which ADT was not a party, which provides that all disputes shall be resolved in Idaho.

Notwithstanding the obvious efficacy of resolving the motions together – I must determine which, if either, of the forum selection provisions controls – ADT now moves for an order staying consideration of the defendants' motions to dismiss until I have disposed of its subsequently-filed

motion to remand.  First, it argues that I lack jurisdiction.  This argument is frivolous.  ADT does not dispute the existence of citizenship diversity or the sufficiency of the amount in controversy for the purposes of 28 U.S.C. § 1332.  Rather, it argues that I lack jurisdiction because one or the other of the forum selection clauses will preclude jurisdiction.  However, that argument begs the obvious questions which, if any, clause governs and what procedural disposition is appropriate.  To answer those central questions I must consider all of the motions together.

Second, ADT argues that staying the motions to dismiss would serve judicial economy because a result favorable to ADT will moot the defendants' motions.  However, a moment's reflection instructs that a result favorable to the defendants will moot ADT's motion for remand.  This argument also begs the operative question.

It is difficult to view this motion as serving a purpose other than causing unnecessary delay and expenses.  Accordingly, it is ORDERED that:

1) ADT's motion to stay resolution of the defendants' motions to dismiss [12] is DENIED;

2) ADT shall respond to the defendants' motions on or before **February 17, 2006**;

3) the defendants shall reply on or before **March 3, 2006.**

Dated: February   2  , 2006 in Denver, Colorado.

                                                  BY THE COURT:

                                                  s/Lewis T. Babcock
                                                  Lewis T. Babcock, Chief Judge